**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Andrew Lucero,<br><br>　　　　　Defendant. | No. CR-20-50086-001-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Defendant Andrew Lucero's motion for early termination of supervised release. (Doc. 5.) For the following reasons, the motion is denied.

## BACKGROUND

In March 2005, Lucero was sentenced to 293-month term of imprisonment after being convicted at trial of various drug trafficking charges in the District of Montana. (Doc. 5 at 1-2.) Lucero's sentence was later reduced to 235 months. (*Id.*) Accordingly, in March 2020, Lucero was released from prison and began serving a four-year term of supervised release. (*Id.*) Soon thereafter, Lucero's supervision was transferred to the District of Arizona. (*Id.*)

It appears that Lucero has done quite well during his first 25 months of supervision. His motion states that, "[a]ccording to Mr. Lucero's supervising probation officer, he has been in compliance with the terms of his supervision. He has remained employed; he has a stable residence; and he has a long-term girlfriend. Mr. Lucero has tested negative for

controlled substances while on supervision." (*Id.* at 3.)

In considering Lucero's motion, the Court obtained and reviewed the presentence report ("PSR") that was issued in the District of Montana before Lucero's 2005 sentencing. The PSR reveals that Lucero was considered the leader/organizer of a conspiracy to engage in marijuana and methamphetamine trafficking, that Lucero gave a firearm to one of the participants during the course of the conspiracy, and that Lucero was also "involved in the trading of an AK-47 for methamphetamine." (PSR ¶¶ 109, 121-24.) The PSR also reveals that Lucero had extensive contacts with law enforcement before engaging in the drug trafficking conspiracy that gave rise to his conviction, including an incident in 1982 in which Lucero was found "passed out in the back of the car" with a ".22 caliber pistol and marijuana" (*id.* ¶ 144), a separate incident in 1982 in which Lucero "was observed holding a .22 semiautomatic pistol" (*id.* ¶ 145), an incident in 1985 in which Lucero "was found to have marijuana and a .25 semiautomatic pistol in his possession" (*id.* ¶ 147), a separate incident in 1985 in which Lucero "was stopped by Phoenix police and found to have a .38 caliber pistol in his possession along with suspected narcotics" (*id.* ¶ 134), an incident in 1994 in which Lucero had to be "subdued at gunpoint after a weapon was noticed by officers" during the course of a drug-related arrest (*id.* ¶ 136), an incident in 1998 in which Lucero was arrested under a fake name and "[p]olice found a .380 handgun under the passenger seat and a pipe with white powder residue" (*id.* ¶ 151), a separate incident in 1998 in which Lucero was arrested for misconduct involving weapons and being in possession of a truck thought to be stolen (*id.* ¶¶ 152-53), and an incident in 2001 in which Lucero was arrested for theft and burglary (*id.* ¶ 154).

**DISCUSSION**

Lucero's request for early termination of supervised release is governed by 18 U.S.C. § 3583(e)(1), which provides that a court "may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is

warranted by the conduct of the defendant released and the interest of justice." *See generally United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) ("The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e). The statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.' The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination.") (citations omitted).

Here, although Lucero's conduct has been exemplary since his supervised release term began in March 2020, that is only part of the equation. The Court also must consider certain § 3553 factors, including the "history and characteristics of the defendant" per § 3553(a)(1) and the need "to protect the public from further crimes of the defendant" per § 3553(a)(2)(C), as well as the "interest of justice." In light of Lucero's criminal history—as noted above, the underlying offense was simply the latest in a lengthy string of convictions and arrests involving firearms and drug trafficking—the Court concludes that the interests of justice and public safety would best be served by retaining the supervisory framework that has enabled Lucero to thrive and remain crime-free during his first 25 months of post-release life. Lucero is to be commended for his performance thus far.

Accordingly, **IT IS ORDERED** that Lucero's motion for early termination of supervised release (Doc. 5) is **denied**.

Dated this 23rd day of May, 2022.

_____
Dominic W. Lanza
United States District Judge